UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

SATURNINO TATIS-NÚÑEZ,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 13-1782 (JAF)

(Crim. No. 08-37-3 (JAF))

### **OPINION AND ORDER**

Petitioner, Saturnino Tatis-Núñez, brings this petition under 28 U.S.C. § 2255 for relief from sentencing by a federal court, alleging that the sentence imposed violated his rights under federal law. He requests an order to vacate, set aside, or correct the sentence imposed in Cr. No. 08-37. (Docket No. 1.)

### I.

### **Background**

An undercover operation of the United States Customs and Border Protection Task Force—involving coordinated efforts on land, at sea, and in the air—resulted in the arrests of Petitioner and several co-defendants. United States v. Espinal-Almeida, 699 F.3d 588, 594 (1st Cir. 2012). Petitioner was charged with two drug-related offenses: One count of conspiracy to distribute narcotics and one count of conspiracy to import over 448 kilograms of drugs from The Dominican Republic. (Docket No. 28.) On September 21, 2009, Petitioner was found guilty on both counts. (Crim. 08-37-3 at Docket No. 310.) We sentenced Petitioner to concurrent terms of imprisonment of 292

months. (Crim. 08-37-3 at Docket No. 406.) The judgment was entered on March 8, 2010. (Crim. 08-37-3 at Docket No. 407.). On March 12, 2010, petitioner appealed. (Crim. 08-37-3 at Docket No. 410.) His conviction was affirmed. See Espinal-Almeida, 699 F.3d at 621. On June 3, 2013, the Supreme Court denied Petitioner's request for a writ of certiorari. Tatis-Núñez v. United States, 133 S.Ct. 2782 (2013). On October 3, 2013, Petitioner timely filed a motion for relief under 28 U.S.C. § 2255. (Docket No. 1.) Respondent opposes. (Docket No. 6.)

## II.

### Legal Standard

A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. A federal prisoner may challenge her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or laws of the United States." Id. A petitioner cannot be granted relief on a claim that has not been raised at trial or direct appeal, unless she can demonstrate both cause and actual prejudice for his procedural default. See United States v. Frady, 456 U.S. 152, 167 (1982). Indeed, "[p]ostconviction relief on collateral review is an extraordinary remedy, available only on a sufficient showing of fundamental unfairness." Singleton v. United States, 26 F.3d 233, 236 (1st Cir. 1994). Claims of ineffective assistance of counsel, however, are exceptions to this rule. See Massaro v. United States, 538 U.S. 500, 123 (2003) (holding that failure to raise ineffective assistance of counsel claim on direct appeal does not bar subsequent § 2255 review).

## III.

## **Discussion**

Because Petitioner appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, Petitioner's pro-se status does not excuse him from complying with procedural and substantive law.  See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008).

### A. **Counsel was not ineffective for failing to object to the identification of the vessel**

Petitioner alleges that counsel failed to object to the reliability of the evidence used to confirm the identification of his vessel, "El Progreso Sigue". (Docket No. 1 at 17.).  Specifically, Petitioner contends that his counsel failed to sufficiently challenge the mechanical reliability of the aerial tracking and the undercover officer's ability to visually identify the vessel.

At trial, the government presented evidence testimony that the aerial surveillance crew never lost sight of the Petitioner's ship because they tracked it the entire time with a camera.  Espinal-Almeida, 699 F.3d at 598-99.  In support, still pictures taken by that camera were introduced—showing the "El Progreso Sigue" before and after the drug exchange.  A government witness testified that these photographs all depicted the same boat.  To rebut the alleged GPS discrepancies, the government brought testimony of an expert that testified that commercial GPS units have a margin of error from five to fifteen meters for national security purposes.

The government is correct in suggesting that the identification issue turns on a matter of credibility that the jury, as the factfinder, was entitled to decide.  See United States v. DeCologero, 530 F.3d 36, 61 (1st Cir. 2008) (holding that the credibility of a

witness' identification testimony is a matter for the jury to decide); see also Espinal-Almeida, 699 F.3d 588, 602 (1st Cir. 2012) (explaining that identification evidence is for the jury in all but extraordinary cases). Here, the jury found the evidence on the positive identification of the "El Progreso Sigue" convincing.

Moreoever, Petitioner's counsel raised arguments challenging the vessel identification and the use of the GPS coordinates. (Docket No. 424.) As to how she formed those challenges, counsel receives considerable deference in crafting trial strategy. See Strickland, 466 U.S. at 690 (choices made by counsel that could be considered part of trial strategy will almost never amount to deficient performance.) Even if it was ineffective for counsel not to raise additional arguments about vessel identification and location, Petitioner has not provided any evidence to indicate how counsel's failure to do so prejudiced him. Petitioner has not shown how making these arguments differently would have been substantially likely to result in a different verdict. Since Petitioner's counsel could not have been ineffective for failing to raise losing arguments, he is not entitled to relief on this ground. See, e.g., Cofske v. United States, 290 F.3d 437, 444 (1st Cir. 2002) (counsel is often well advised to choose the most promising arguments, and is not obliged to crowd a brief with less promising ones which may detract in order to provide effective assistance).

**B.     Counsel was not ineffective for failing to argue that the United States lacked jurisdiction**

Petitioner claims his counsel was ineffective for failing to argue that the United States lacked jurisdiction over his vessel. Petitioner argues that his vessel was in The Dominican Republic's maritime 'contiguous zone' and the government did not seek authorization from the Dominican authorities prior to the Coast Guard's boarding of the

vessel. However, Petitioner's counsel, in fact, did file several motions concerning the jurisdiction over "El Progreso Sigue". For instance, on February 2, 2009, Petitioner's counsel filed a "Motion Requesting Documents in Support of the Boarding of the Vessel". This motion was for the express purpose of establishing the legality of the intervention, seeking full disclosure of the communications between the Coast Guard and officials of The Dominican Republic. (Docket No. 191.) The government opposed this motion. In reply, Petitioner's counsel again expressed her concern about the jurisdictional authority for the Coast Guard to arrest and then board Petitioner's vessel. (Docket No. 202.) The motion for discovery was granted on March 25, 2009. (Docket No. 207.).

Furthermore, the record reflects that the jurisdictional issue was raised and denied before the appointment of Petitioner's counsel. (See Crim. 08-37-3 at Docket Nos. 68; 69; and 167.) On April 30, 2008, co-defendant Espinal filed a Motion to Suppress, where, *inter alia*, he claimed lack of jurisdiction and requested an evidentiary hearing to assess the legality of the intervention. (Crim. 08-37-3 at Docket No. 68, p. 3). On that same date, Espinal also filed a First Motion to Dismiss for lack of jurisdiction. (Crim. 08-37-3 at Docket No. 69). Both motions objected to the sufficiency of the authorization provided by the government on discovery, under the provisions of the Maritime Drug Law Enforcement Act ("MDLEA"). (Crim. 08-37-3 at Docket No. 69, pp. 2-3).

On June 13, 2008, both motions were referred to Magistrate Judge McGiverin. (Crim. 08-37-3 at Docket Nos. 93 & 94.) On October 10, 2008, the Magistrate Judge issued the Report and Recommendation where he recommended that the motions be denied because the defendants were not indicted for violations to the MDLEA, but for conspiracy under Title 21. (Crim. 08-37-3 at Docket No. 136.) Finally, on November 24,

2008, we adopted the Report and Recommendation and denied both motions. (Crim. 08-37-3 at Docket No. 167.)

Not only did Petitioner's counsel and co-defendants raise the jurisdiction issue, but it was denied in a pre-trial proceeding. Therefore, this claim is dismissed.

### C. Counsel was not ineffective for failing to challenge government's case regarding participation in drug conspiracy

Petitioner asserts that his counsel was ineffective for failing to dispute the sufficiency of the evidence presented against him. Once again, the record suggests otherwise. At the close of the government's case, Petitioner's counsel moved for a judgment of acquittal based on the sufficiency of the evidence. The motion was denied. Espinal-Almeida, 699 F.3d at 598-99. The jury concluded that Petitioner was guilty of the conspiracy charges beyond a reasonable doubt. See Cavazos v. Smith, 132 S. Ct. 2, 3-4 (2011) ("A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury."). Petitioner's claim fails.

### D. Counsel was not ineffective for failing to present mitigating evidence

Petitioner claims that his counsel was ineffective for failing to present mitigating evidence that would have allowed him to receive a lower sentence. Specifically, Petitioner alleges that his counsel failed to request *in forma pauperis* funds for multiple witnesses to travel from The Dominican Republic to Puerto Rico to testify on his behalf; and that counsel failed to file a disparity memorandum concerning low level mule trafficking sentences. Both allegations lack merit.

The First Circuit has long held that the decision not to call a particular witness is typically a question of trial strategy and strategic choices are virtually unchallengeable. Lema v. United States, 987 F.2d 48, 54 (1st Cir. 1993). See also Michel v. Louisiana,

350 U.S. 91, 101 (1955) (actions or omissions by counsel that might be considered sound trial strategy do not constitute ineffective assistance). Here, Petitioner intended for the witnesses to testify to his status as a law-abiding citizen of The Dominican Republic. However, the Presentence Report reflected that Petitioner has a long history of criminal offenses, including for narcotics and immigration violations. (PSR at 18.) Therefore, as a matter of strategy, it was reasonable for counsel not to bring character witnesses to testify on his behalf.

Petitioner also claims that his counsel was ineffective because she did not present a disparity memorandum tracking low level 'mule' trafficking sentences from other Federal Circuits. At sentencing, we did consider his participation, but found that an adjustment was not warranted.

> THE COURT: So there's no upward role adjustment on the basis of any information that he gave the probation officer other than the fact that perhaps, perhaps he would not be entitled to have a minor participation role.
>
> MS. RAMOS: That is correct, but –
>
> THE COURT: But the truth of the matter is when you have very few participants in a boat, it is difficult to say somebody's a minor participant.

Moreover, Petitioner—along with Espinal—received the most lenient sentence of the six defendants, despite the fact that he was the listed owner of the vessel carrying the drugs and his long list of previous drug-related offenses. Petitioner's claim fails.

### D. <u>Counsel was not ineffective for failing to object to the reasonableness of the sentence</u>

Finally, Petitioner claims that his counsel was ineffective for failing to object to the reasonableness of his final sentence. Petitioner argues that, because his counsel did not present mitigating factors, we abused our discretion when we sentenced him to 292 months. Again, Petitioner's claim is contradicted by the record because his counsel did present mitigating evidence at sentencing.

> MS. RAMOS: Yes, Your Honor. This defendant is 50 years old. He has been working all his life. He has obviously a prior criminal -- not a conviction. His Criminal History Category is I. However, there [have] been entries into the United States without permission, and he did commit a drug violation while he was in New York. We are aware of that. However, we want to inform the Court that this person has been a drug user for most of his life. He wants to rehabilitate himself, and he's very repentant of what he has done. And he will request the Court's leniency, Your Honor.
>
> As a matter of fact, in the sentencing options at paragraph 61, the guideline is from 292 months to 365 months. We will request from the Court the lower end of the guidelines.
>
> THE COURT: Sure.
>
> MS. RAMOS: And the fact that he has been in jail all those -- practically almost two years. He has been trying to get all the courses that have been available.
>
> THE COURT: And I have seen the certificates that are before me, which I guess I should return to you.
>
> MS. RAMOS: Yes.
>
> THE COURT: But I've seen them.
>
> MS. RAMOS: Thank you.

(Crim. 08-37-3 at Docket No. 433.)

We found that Petitioner's base offense level was 38. Because a firearm was found in the vessel and it was foreseeable for the defendant, a two level enhancement was applied pursuant to USSG § 2D1.1(b) for a total offense level of 40. With a Criminal History Category of I, the guideline calculation yielded a range of 292 to 365 months of imprisonment. We sentenced Petitioner to 292 months of imprisonment.

Here, Petitioner was sentenced within the guidelines, but was sentenced to the lower-end of the applicable range. Where, as here, the guidelines sentencing range has been correctly calculated and a sentence at the lower end was imposed, a district court "arguably is not required to cite *any* reasons for imposing a within-the-range sentence." United States v. Dávila-Gonzalez, 595 F.3d 42 at 48 (1st Cir. 2010) (emphasis in original). Therefore, Petitioner's claim fails.

## IV.

## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Petitioner has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of her constitutional claims debatable or wrong. Petitioner may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

**V.**

**Conclusion**

For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 4th day of March, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE